# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **AMELIA SANCHEZ RIVERA,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) No. 08 C 6849 |
| **TY INC.,** | )<br>) |
| Defendant. | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Amelia Sanchez Rivera ("Rivera") brought this suit against her former employer, Ty Inc. ("Ty"), alleging that she was terminated because of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA"). Ty has moved for summary judgment. Based on the reasoning below, the motion for summary judgment is granted.

### I. Summary Judgment Standard and Local Rule 56.1

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party shows that there is no genuine issue of material fact, the burden of proof shifts to the nonmoving party to

designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Local Rule 56.1 of the United States District Court for the Northern District of Illinois provides that the party opposing a motion for summary judgment must respond to the moving party's Local Rule 56.1 statement of uncontested material facts. If the opposing party disagrees with the facts in the moving party's statement, the response must indicate that the facts are controverted and include "specific references to the affidavits, parts of the record, and other supporting materials relied upon" to support this assertion. N.D. Ill. R. 56.1(b)(3). All material facts set forth in the moving party's Local Rule 56.1 statement of uncontested material facts "will be deemed to be admitted unless controverted by the statement of the opposing party." *Id.*

Despite being given an opportunity to do so, plaintiff has failed to file any response to Ty's motion for summary judgment. Because plaintiff has not met the requirements of Local Rule 56.1 and has not controverted any of the material facts set forth in Ty's Local Rule 56.1 statement, all of the material facts set forth in Ty's Local Rule 56.1 statement are deemed admitted. *Tobey v. Extel/JWP, Inc.* 985 F.2d 330, 333 (7th Cir. 1993). In these circumstances, I will "depart from [my] usual posture of construing all facts in favor of the nonmoving party; rather [I] accept as true all material facts contained in [the moving party's Local Rule

56.1] statement." *Brasic v. Heinemann's, Inc.*, 121 F.3d 281, 284 (7th Cir. 1997) (citations omitted). I will examine the movant's motion to ensure that Ty has discharged its initial burden of demonstrating the absence of a genuine issue as to a material fact. *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

**II. Factual Background**

During all times relevant to this action, Rivera was not a United States citizen. Therefore, in order to be legally employed in the United States, Rivera was required to have a work authorization card. Rivera, then forty-eight years old, was employed by Ty on November 6, 1996.

Up until the point of her termination, Rivera liked her job, believed she was treated fairly and thought Ty was a "good place to work." Rivera Dep. at 104:14-15. There was nothing in her year-end evaluation that would have caused her to believe that as of December 2006 she was being discriminated against based upon her age.

On August 22, 2007, Filo Cornejo ("Cornejo"), Ty's Human Resource Coordinator, hand-delivered a letter to Rivera advising Rivera that her work authorization card was due to expire on September 20, 2007. Rivera admitted that she received the letter, that Cornejo translated the document to her, and that she signed the document after it was translated for her. It was Rivera's

3

obligation to renew the employment authorization card, but she simply forgot to do so.

Because Rivera did not provide documentation establishing her authorization to be employed, her employment was terminated by Ty on September 20, 2007. Ty understood that federal law required Rivera's termination once Rivera's authorization to be employed expired.

At some point after October 25, 2007, Rivera contacted Cornejo seeking re-employment with Ty. Cornejo explained to Rivera that Ty was not hiring anyone at the moment, and that Cornejo could not hire any employees. Cornejo told Rivera that there was no work. At some point after Rivera's termination, but before Rivera contacted Ty after she had renewed her work authorization card, Ty instituted a hiring freeze. This hiring freeze is still in effect and to date, Ty has not hired any employee to perform the duties previously performed by Rivera.

**III. Analysis**

Plaintiff alleges that Ty violated the ADEA because it terminated her based on her age. "The ADEA bars an employer from discriminating against any individual in the 'compensation, terms, conditions, or privileges of employment, because of such individual's age[.]'" *Solon v. Gary Cmty. Sch. Corp.*, 180 F.3d 844, 849 (7th Cir. 1999) (quoting 29 U.S.C. § 623(a)(1)).

4

To survive a motion for summary judgment, Rivera can raise an inference of discrimination using the direct method of proof or indirectly through the burden-shifting approach set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Because Rivera did not file a response brief, she failed to provide any evidence of discrimination under either method. First, she failed to put forward any direct or circumstantial evidence which would "creat[e] a triable issue of whether the adverse employment action of which [she] complains had a discriminatory motivation." *Wallace v. SMC Pneumatics, Inc.*, 103 F.3d 1394, 1397 (7th Cir. 1997) (discussing the direct method of proof). Second, she failed to put forward evidence to support the *McDonnell Douglas* framework establishing that: (1) she is a member of the protected class (age forty or over); (2) she performed her job satisfactorily; (3) she suffered an adverse employment action; and (4) younger, similarly situated employees were treated more favorably. *Richter v. Hook-SupeRx, Inc.*, 142 F.3d 1024, 1028 (7th Cir. 1998). Ty does not dispute that Rivera meets the first and third factors. However, Rivera failed to put forward any evidence that she was performing her job satisfactorily or that Ty treated similarly situated employees who were not older than forty more favorably than Rivera. In addition, Ty has provided undisputed evidence that it fired Rivera because it believed federal law dictated her termination due to her failure to renew her work authorization card. There is no

evidence to suggest that this reason was pretext for age discrimination. Defendant's motion for summary judgment is granted.

**IV. Conclusion**

For all the foregoing reasons, Ty's motion for summary judgment is granted.

        **ENTER ORDER:**

        _____
        **Elaine E. Bucklo**
        United States District Judge

Dated: December 18, 2009